422 So.2d 1299 (1982)
Lillian Bechtel, Wife of Thompson F. BECHTEL, and Thompson F. Bechtel
v.
ENTRINGER BAKERIES, INC. d/b/a McKenzie's Pastry Shoppes, et al.
No. 5-69.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1982.
Rehearing Denied December 17, 1982.
*1300 Wiley J. Beevers, Jerome Friedman, A Professional Law Corp., Jerome Friedman, Metairie, for plaintiffs-appellants.
Sylvia Landry Holder, New Orleans, Thomas L. Gaudry, Jr., Rene A. Pastorek, Daniel A. Ranson, Gretna, Bagot & Gniady, John H. Gniady, Gus A. Fritchie III, New Orleans, for defendants-appellees First Nat. Bank of Commerce Building et al.
Before BOUTALL, DUFRESNE and GRISBAUM, JJ.
GRISBAUM, Judge.
Plaintiffs-appellants Lillian Bechtel and Thompson F. Bechtel appeal a judgment of the Twenty-Fourth Judicial District Court in favor of defendants, Entringer Bakeries, Inc., d/b/a McKenzie's Pastry Shoppes, United States Fidelity and Guaranty Company, John Barnes and Aetna Casualty and Surety Company in an action arising from an accident which occurred on December 10, 1977 on the premises of a McKenzie's Pastry Shoppe when Lillian Bechtel injured her ankle as she was leaving the store. At the trial by jury, the plaintiffs alleged that Mrs. Bechtel's injuries were due to the defective construction of the door and door structure at the McKenzie Pastry Shoppe located at 3700 Airline Highway. Mrs. Bechtel injured her ankle as she was in the doorway of the bakery shop. Defendants Entringer Bakeries (lessee of the building), John Barnes (the owner and lessor of the building), and their respective insurers contended that the design and construction of the door and door structure were not defective; therefore, defendants were not liable under the theory of strict liability or negligence and that Mrs. Bechtel's injuries were caused by her own contributory negligence. After a three-day trial, a jury returned a verdict in favor of defendants finding that neither Entringer Bakeries nor John Barnes were "negligent" in regard to plaintiff's injury.[1]
On appeal plaintiffs-appellants allege that the trial court erred in:
1) failing to allow plaintiffs' architectural expert to testify as to violations of the Jefferson Parish Building Code, the Life Safety Code, and/or the Fire Marshal's Code;
2) failing to grant plaintiffs' motion for a directed verdict;
*1301 3) failing to give those jury charges requested by the plaintiffs that the court had agreed to give;
4) failing to give to the jury plaintiffs' requested charges on strict liability; and
5) failing to confer with plaintiffs' counsel on the proposed general jury verdict form and interrogatories applicable to a verdict in favor of the plaintiffs.
Addressing these specifications of errors, we do not find reversible error for the following reasons:
At trial plaintiffs called as an expert in architecture, Mr. Ladd P. Ehlinger. Plaintiffs qualified Mr. Ehlinger as an expert in architecture. He was allowed to testify to the facts that he found to exist structurally and to whether the building's design and construction complied to good architectural practice at the time it was built. However, when questioned as to violations of a parish ordinance, the court sustained objection to such testimony. We find the court did not err in excluding plaintiffs' expert testimony as to violation of the parish building code.[2] Generally a witness is only allowed to testify to facts within his knowledge; opinions or impressions are usually not allowed. However, an exception to this general rule exists when experts are called to testify. See State of Louisiana v. Bruce Wheeler, 416 So.2d 78, 80 of the docket of the Supreme Court of Louisiana handed down June 21, 1982 and not as yet reported, and McCormick on Evidence, §§ 10, 11, 12, 13 (1972). State v. Wheeler sets forth two elements that must be present before an expert can give his "opinion." Although addressing the admissibility of expert opinion in a criminal context, we find these elements also pertinent in this civil case:
"(a) the subject of the inference must be so distinctly related to some science, profession, business or occupation as to be beyond the understanding of the average layman; and (b) the witness must have sufficient skill, knowledge or experience in that field or calling as to make it appear that his opinion or inference will probably aid the trier of fact in his search for truth." State v. Wheeler, supra at p. 80, citing McCormick on Evidence, §§ 12, 13 (1972).
Applying the above principles, we do not find under the facts of this case that questions as to building code violations are beyond the understanding of the average juror. The trial court properly excluded expert testimony on this issue.
We find no error in the trial court's denial of plaintiffs' motion for a directed verdict. Counsel for plaintiffs has not demonstrated to this court any reason that the trial court should have directed a verdict for the plaintiffs after the close of the defendants' case.
Finally, the last specifications of error pertain to jury instructions and jury interrogatories. Plaintiffs complain on appeal that the trial court did not give a jury charge which had been granted and that improper jury interrogatories were submitted to the jury. It is not clear from the record whether or not plaintiffs' jury charge number 4[3] was in fact given. However, plaintiffs did not timely object to its omission nor did plaintiffs object to the form of the jury interrogatories[4] given by the trial court judge. Thus, plaintiffs have waived their right to object on appeal to this omission and the jury verdict interrogatories. La.C.C.P. Art. 1793; See Troxlair v. Illinois Central Railroad Company, 291 So.2d 797, 802 (La.App. 4th Cir.1974).
*1302 Plaintiffs also contend that the trial court erred in not giving the jury numerous charges pertaining to strict liability. Plaintiffs made an "en globo" objection to the court's denial of their requested charges. La.C.C.P. Art. 1793 states in part:
"A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." (Emphasis added)
In order to preserve the right to appeal from the failure to give requested instructions or the giving of an improper instruction, a litigant adversely affected must state specifically the matter which he finds objectionable and the grounds for his objection to the jury instructions. Watts v. Aetna Casualty & Surety Co., 309 So.2d 402, 405 (La.App. 2nd Cir.1975). Plaintiffs made only a blanket objection to the failure of the court to submit its jury charges and did not state specifically the matter objected to and the grounds. This does not comply with the provisions of La.C.C.P. Art. 1793. See Geisler v. Louisiana Power and Light Co., 346 So.2d 339, 344 (La.App. 4th Cir. 1977); Caldwell v. Parker, 340 So.2d 695, 697 (La.App. 4th Cir.1977); Watts, supra.
For the reasons discussed above, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] It seems the jury may not have considered the question of strict liability due to omission by the trial judge of a strict liability jury charge and strict liability interrogatories. (See discussion infra.)
[2] The trial judge read the pertinent parts of the code to the jury in his charge.
[3] Plaintiffs Charge Number 4 reads:

"Once an injured person shows the thing which caused the damage is defective and that the damage resulted from the defect, the custodian or owner of the thing can escape liability only by proving the harm was caused by the fault of the injured person, by the fault of the third person, or by an irresistible force."
[4] Plaintiffs merely objected that the insurers were not named specifically. Only on appeal do plaintiffs claim that the judge erred by not conferring with their counsel as to appropriate form for a verdict for plaintiffs.