GRISBAUM, Judge.
Margaret and George Cruso brought suit to recover damages for injuries sustained by Margaret Cruso when she tripped over a concrete parking divider located in defendant Greater Lakeside Corporation’s parking lot at the Lakeside Shopping Center. Plaintiffs appeal from a judgment in favor of defendant. We affirm.
There are two issues presented for consideration: (1) Whether the trial court erred by restricting testimony of plaintiffs' expert, and (2) whether the trial court improperly instructed the jury by failing to include instructions on strict liability.
On the evening of March 24, 1978, plaintiff, Mrs. Cruso, and her aunt went to Lakeside Shopping Center located in Metairie, Louisiana. Plaintiff parked her car and walked through the parking lot across a row of cars and consequently across the yellow lines painted on the blacktop indicating the parking spaces. As she passed the last car in the row, she tripped and fell over a raised yellow concrete parking divider which separated the parking area from an adjacent traffic line.
During the jury trial, plaintiff qualified Herman L. Parrish as an accident reconstruction expert. Defining his area of expertise, Mr. Parrish testified that an accident reconstruction expert inspects an accident scene examining evidence in the area and then applies the law of physics to determine the cause of the accident. He testified that he investigated the scene of the accident. He provided the court with a detailed description of the parking lot, the parking spaces, and the concrete barrier. However, when this expert was questioned as to whether the concrete barrier configuration and painted lines presented any visual problems, the trial court sustained an objection to such testimony. Although this court recognizes a witness’s opinion or impression is generally not allowed, a witness designated and qualified as an expert is able to express an opinion based on his area of expertise. See, State v. Wheeler, 416 So.2d 78, 80 (La.1982); Bechtel v. Entringer Bakeries, Inc. d/b/a McKenzie’s Pastry Shoppes, 422 So.2d 1299 (La.App. 5th Cir.1982); McCormick on Evidence §§ 10, 11, 12, 13 (1972). However, as an accident re-constructionist, Mr. Parrish was qualified to give his opinion only as it related to the *955 cause of an accident derived from his application of physics to physical evidence. He was not qualified as a safety engineer or an eye specialist, and consequently could not give an opinion as to whether there was a visual difference between the barriers and the yellow lines, whether the concrete barrier could be seen only through one’s peripheral vision, or what affect plaintiff wearing bifocals had upon her peripheral vision.[1] Questions in this area were outside his area of expertise, and, therefore, were properly excluded.
Addressing the second issue, this court finds that the trial court did not err in refusing to instruct the jury on strict liability. La.C.C.P. art. 1793 states in part:
“A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
Our review of the record indicates that counsel for plaintiff did not object to the trial court’s failure to instruct the jury on strict liability. Thus, we decline consideration of whether such an instruction would be proper under the facts of this case. See, Bechtel, supra at page 1302; Watts v. Aetna Casualty & Surety Co., 309 So.2d 402, 405 (La.App. 2d Cir.1975).
For the reasons assigned above, we affirm the judgment of the trial court.
AFFIRMED.

. On proffer, plaintiffs expert gave his opinion as a response to these questions.