BOWES, Judge.
Plaintiffs, the driver of an automobile and three guest passengers, sued for damages they sustained when the vehicle in which they were occupants collided with a tank truck owned by Conoco and driven by defendant, Junior L. Prater. At the conclusion of a six day trial, a twelve-person jury returned a verdict in favor of the defendants. From that verdict, the plaintiffs appeal. We affirm the judgment of the trial court.
This case arises out of an automobile-truck collision, which occurred at approximately 11:55 p.m., Friday, June 6, 1980, on U.S. Highway 61 (Airline Highway), just north of its intersection with Louisiana Highway 626. Immediately preceding the accident, a tank truck, carrying more than *29 8,000 gallons of gasoline, owned by Conoco, Inc. and being driven by Junior L. Prater, was north bound on U.S. 61. At this location, U.S. 61 is a four-lane roadway, divided by a grassy median about five feet in width. South bound, on the other side of the median, was an automobile being driven by Raymond Lilly, Jr. and further occupied by his three guest passengers: Calvin McElwee, Johnny Lee Bryant and Kelvin Leonard.
Plaintiffs claim that the accident occurred when the Conoco truck crossed the neutral ground and struck the Lilly vehicle. However, the defendant, Prater, and several independent eye witnesses, all maintain that the Lilly vehicle crossed the median and crashed into the truck, while it was in its proper lane, causing the truck to jackknife, roll down the highway, and burst into flames. The latter account of the accident is corroborated by the report of State Trooper Wallace Gettys, who investigated the accident.
The case was tried to a jury who found that the defendant, Junior Lee Prater, was not negligent in causing the accident and that damages were not due to the plaintiffs from the defendants.
Plaintiffs took this appeal assigning the following as errors:
ERROR NO. 1 — The Jury’s Verdict was based on incorrect and confusing charges given to it by the Court.
ERROR NO. 2 — The Trial Court erred in allowing into evidence a recorded statement of defendants’ witness, Daniel Murphy, whose testimony was offered by defendants via deposition at trial.
ERROR NO. 3 — Whether, based on the erroneous and confusing charges given by the Court, or otherwise, the verdict of the jury was manifestly erroneous and clearly contrary to the law and the evidence produced at trial.
Our exhaustive examination of the multi-volumed record reveals the following comments by the trial judge:
I’ve explained the charges that we are going to give. We are going to file into the record the requested charges which were denied. And you put that in the record and we’ll note the objections of both parties whatever which one is denied. So every body has got their records safe.
Although the trial court alludes to objections to the jury charges given, we find no such objection(s) in the record.
Article 1793 of the Louisiana Code of Civil Procedure states in pertinent part:
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.
We, therefore, decline to consider any “error” alleged by the plaintiffs which relate to the jury charges. See Cruso v. Greater Lakeside Corporation, 425 So.2d 953 (La.App. 5th Cir.1983) and cases cited therein. To do otherwise would not only contravene the law and jurisprudence of this state but would also unfairly allow a party in a suit “two bites at the apple” — he simply would not object to any charge and, if he obtained a judgment he liked, he would remain silent; if not, he could complain of the alleged “error” on appeal and have a second chance.
As to assignment of error number two, we find it wholly lacking in merit. Daniel Murphy, an independent eye witness, could not be located at the time for trial. Therefore, his deposition, taken during discovery, was offered into evidence, as per La.C.C.P. art. 1450(3)(d). Additionally, a recorded statement, taken from Mr. Murphy after the accident, was played for the jury and a statement taken by plaintiff’s counsel was also read to the jury. In this assignment, plaintiffs complain only that the recorded statement was admitted. They raise a smoke-screen of objections to the recorded statement: no proper foundation was laid as to whether the statement was recorded in person or over the telephone; what was said to Mr. Murphy prior *30 to the recording of the statement; did the tape run continuously throughout the interview; plaintiffs had no opportunity to object to any questions asked; and there are some opinions and speculation by Mr. Murphy on the tape.
We have examined the taped statement closely (it is transcribed in the record) and compared it to the two written statements given by the witness. We find nothing in the taped statement which would have resulted in the plaintiffs’ case being prejudiced. In fact, all three statements are generally consistent. We did note that the witness’ estimation of the Conoco truck’s speed varied from 55 m.p.h. to 70 m.p.h. We do not find this variance significant. It simply presents a credibility evaluation to the jury for it’s consideration under the judge’s charge. (Yol. 9, pg. 103). This assignment lacks merit.
Plaintiffs’, in their last assignment of error, argue that the jury verdict was manifestly erroneous and clearly wrong. We do not find this to be the case. There were five truly independent, disinterested, witnesses to the accident. The testimony of all of these witnesses is overwhelmingly in favor of the defendants.
It is evident from their verdict that the members of the jury accorded more credibility to the testimony of these independent witnesses than it did to the testimony of the plaintiffs, which is usually the case with any trier of fact. It is well settled in this state that jury determination of credibility shall not be disturbed on appeal unless manifestly erroneous. See Stevens v. Allstate Insurance Company, 428 So.2d 834 (La.App. 5th Cir.1983) and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). This assignment also is without merit.
We find that the entire evidence establishes by a clear preponderance of the evidence that the defendant driver of the tank truck was completely without fault in this accident.
Accordingly, for the reasons assigned, we affirm the judgment of Jhe trial court. Appellant shall bear all costs in this appeal.
AFFIRMED.