EDWARDS, Judge.
This is a wrongful death and survivor-ship action brought by Manuel Blakes who sued his former wife for her alleged negligence in the death of their second child, Darius. The jury returned a unanimous verdict finding no negligence on the part of Mrs. Blakes. We affirm.
FACTS
Manuel and Rose Blakes were married in 1976 and had two children, Kenyon and Darius. Manuel physically abused Rose while she was pregnant with the decedent. Darius was bom on February 13,1982, two weeks after his parents were legally separated. Mr. Blakes was subsequently convicted of abusing his wife and received a suspended sentence. A few months later, *445 Manuel agreed to forego his visitation rights to Kenyon and Darius for six months to avoid going to jail for his unremitting harassment of Rose. Plaintiff testified that he continued to see both of his children at his mother’s house, but it is clear that his turbulent relationship with Rose prevented him from maintaining close ties with Darius. Manuel did not see Darius from the date of the divorce, October 28, 1983, to the date of his death over six months later.
Mr. Blakes was awarded the family home in the community property settlement, so Rose moved her family into a rental dwelling on April 14, 1984. She purchased a homeowners policy from State Farm Fire & Casualty Company which was in effect on the date of the accident. Mrs. Blakes planned to have a barbecue on April 15, but the grass in her backyard needed to be mowed. Since all of her belongings were still packed, she grabbed an empty mop bucket and went to buy gasoline. While she was mowing the grass, she noticed that Kenyon and Darius were playing around the mop bucket which had remnants of gas in it. To prevent her children from getting into the gas, she moved the bucket inside the utility room and barricaded it in a corner. A gas hot water heater was located in the opposite comer behind the door leading into the utility room, so that when the door was opened the heater could not be seen. Mrs. Blakes testified that she was not aware that the hot water heater was in the room because she had only been in the utility room three times before the accident occurred.
Shortly after Rose moved the bucket, Darius wanted to go inside so she opened the door and let him go into the utility room. He stood just inside the door for a few minutes waving at his mother who was only four or five feet away. The next thing Rose saw was a spark as the door slammed behind Darius. She tried to get into the room, but the door was locked. Darius was killed in the fire and Mrs. Blakes was severely burned as she attempted to save him.
STRICT LIABILITY
Plaintiff contends that Mrs. Blakes is strictly liable for the death of Darius under LSA-C.C. art. 2317. Article 2317 is not applicable in this suit because neither the gasoline nor the bucket was defective. In Ross v. La Coste de Monterville, 502 So.2d 1026, 1028 (La.1987), the Louisiana Supreme Court stated that:
In order to recover in strict liability under article 2317, the injured person must prove that he was injured by a thing, that the thing was in the defendant’s custody, that there was a vice or defect creating an unreasonable risk of harm in the thing, and that the injured person’s damage arose from that danger.
We find that neither the gasoline nor the mop bucket presented an unreasonable risk of harm such as is necessary to trigger strict liability under article 2317. Therefore, in order to recover in this case, plaintiff must show that Mrs. Blakes negligently handled the gasoline and that her negligence was a proximate cause of Darius’ death.
STANDARD OF REVIEW
Mr. Blakes argues that the evidence presented at trial was sufficient to convince a rational trier of fact to conclude that Mrs. Blakes’ handling of the gasoline was negligent. Appellate courts follow the standard of review set forth in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The Louisiana Supreme Court stated that appellate courts should not disturb the jury’s factual findings unless manifest error was committed. The court added that “appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).” Id. at 1333.
After a careful review of the record, we are convinced that the jury did not commit manifest error in finding that Mrs. Blakes was not negligent. Since there is not a fixed rule for determining *446 what constitutes negligent conduct, it must be determined in each case according to the particular facts and circumstances. See Hammer v. Combre, 503 So.2d 624, 625 (La.App. 4th Cir.1987). The standard of conduct to which Mrs. Blakes was held in this case was that of the reasonable person of ordinary prudence under similar circumstances. She was not required “to take every precaution against every foreseeable risk or to use extraordinary skill, caution, and foresight_” Buchanan v. Tangipahoa Parish Police Jury, 426 So.2d 720, 722 (La.App. 1st Cir.1983).
In Toups v. Sears, Roebuck & Co., 507 So.2d 809, 813 (La.1987), an expert witness testified that while the reasonable man is aware that flammable materials catch fire easily, he may not be aware that the fumes and vapors of gasoline make it unreasonably dangerous in confined areas. The expert explained that flammable vapors are heavier than air and sink to the floor. Hot water heaters are designed to suck up air from floor level. Thus, if there are flammable vapors near the floor, a flash fire is likely to occur. In the instant case, Rose Blakes was not aware that the hot water heater was located in the utility room since she had only moved into the house the day before. Mrs. Blakes testified that she was not going to store the gasoline in the utility room permanently since she intended to dispose of it as soon as she finished cutting the grass. Negligence is a question of fact to be determined by the jury. Since we do not find manifest error, this court cannot disturb the jury’s factual determinations. Accordingly, we do not reach the issue of whether Manuel Blakes proved he suffered any damages as a result of the accident. Costs of this appeal are to be borne by appellant.
AFFIRMED.