GARRISON, Judge.
Plaintiff, Central Financial Control, the assignee of claims for National Medical Enterprises, Inc., d/b/a F. Edward Hebert Hospital, hereinafter referred to as Hebert, filed a petition on open account against Lonnie and Stella Davis for medical services rendered to Stella R. Davis at Hebert. Lonnie and Stella Davis, filed a third party demand against Louisiana Health Service and Indemnity Company, d/b/a Blue Cross of Louisiana alleging that the services provided to Stella Davis at Hebert were covered by a hospitalization insurance policy issued to Davis by the third party defendant, Blue Cross.
Additionally, a petition of intervention was filed by Davis and Sons, Inc., the third party plaintiffs’ family-owned company which paid all premiums on the group hospitalization policy issued to Stella Davis by Blue Cross. In this petition, Davis and Sons claimed to be entitled to full indemnification from Blue Cross if the plaintiff prevailed in its petition on open account against the defendants.
On May 4, 1987, judgment was rendered in favor of the plaintiff and against the defendants for the sum of $9,509.30 together with legal interest from the date of judicial demand until paid and attorney fees. Judgment was also rendered in favor of the third party defendant, Blue Cross, and against Lonnie and Stella Davis dismissing their third party demand at their costs. Furthermore, judgment was also rendered in favor of Blue Cross and against Davis and Sons, Inc., dismissing its petition of intervention at intervenor’s costs.
In his reasons for judgment, the trial judge stated that the Blue Cross hospitalization policy issued to Stella Davis clearly excluded coverage for rehabilitative and/or *227 physical therapy. Because the trial judge found that the services rendered to Stella Davis during her stay at F. Edward Hebert Hospital were primarily for rehabilitative and/or physical therapy, Blue Cross was not responsible for costs incurred by Lonnie and Stella Davis for Mrs. Davis’ treatment at Hebert. Lonnie and Stella Davis now appeal.
On appeal, the appellants argue that the trial judge erred in failing to find that Hebert hospital did not follow through on pre-admission procedures regarding Stella Davis with respect to confirmation of insurance or means of payment. In this argument, the appellants suggest that the Hebert pre-admission form which was completed on behalf of Stella Davis and which allowed her admission into Hebert by proving that she had hospitalization insurance was the equivalent of proof that all services rendered to Stella Davis by Hebert would be paid for by Blue Cross.
Mark Banta, the business office manager at F. Edward Hebert Hospital, testified that the pre-admission form is utilized only to verify that the prospective patient has a policy of insurance in effect. In this case, the pre-admission forms were used to confirm Stella Davis’ coverage with New York Life Insurance Company which coverage later expired prior to her admission to the hospital. Stella Davis obtained hospitalization insurance from Blue Cross after the Hebert pre-admission procedure had confirmed a policy was in effect with the other company. Therefore, Hebert did not verify the Blue Cross coverage because it had already determined that Stella Davis had a policy of insurance in effect.
Testimony at trial also indicated that the hospital’s verification that an insurance policy is in effect does not serve to confirm that a particular problem or reason for hospitalization will be covered under the policy. Because the Blue Cross policy clearly stated that no coverage would be provided for rehabilitative and/or physical therapy, appellants had notice that charges for these services would not be covered by their Blue Cross Insurance.
Therefore, appellants’ argument that the hospital failed to properly follow pre-admission procedures is without merit.
Appellants also claim that a demand letter from the appellee’s attorney to the appellants and certain other exhibits were improperly admitted into evidence and that too much weight was accorded to two witnesses, Mark Banta and Karen Fry. The demand letter in question was identified at trial by another attorney in the law firm of the attorney who wrote the letter rather than by the actual writer. The testifying lawyer, Peter Thriffiley, identified the letter and the attached return receipt as part of the law firm’s file on this case. Thriffi-ley stated that he had worked on this file and that it was in his possession.
Although Thriffiley did not actually write the demand letter, the foundation for the introduction of the letter into evidence was sufficient and it was properly admitted.
Furthermore, appellants argue that the testimonies of Mark Banta and Karen Fry were given too much weight and that the trial court erred in allowing the introduction of certain exhibits which were admitted into evidence on the basis of Banta’s testimony. Banta testified in his capacity as business office manager at Hebert as to admission procedures, insurance verification procedures, billing procedures and the account of Lonnie and Stella Davis. He also testified that he had access to and was familiar with all of the records pertaining to this case. Karen Fry testified in her capacity as branch manager of Central Financial Control as to that company’s file on Stella Davis’ hospitalization.
Appellants argue that the testimony of these two witnesses should not have been given any weight because neither worked in the above-stated capacities at the time of Stella Davis’ hospitalization; rather, they were testifying as to records prepared by their predecessors in these positions. The weight accorded to testimony at trial is a matter within the trial judge’s discretion. Considering the scope of the testimony of these two witnesses, we do not find that *228 the trial judge abused his discretion in weighing this evidence.
Appellants also claim that the trial court erred in allowing exhibits P-3 through P-8 into evidence on the basis of Banta’s testimony. However, because appellants’ counsel stated at trial that he had no objection to the introduction of this evidence, the appellants waived any further objection to their introduction. Furthermore, we reject appellants’ attempt to avail themselves of the objection to this evidence made by the third party defendants. Therefore, this specification of error is without merit.
The appellants also argue that the trial court erred in evaluating the testimony of Dr. Comer and Dr. McFarland. Appellants argue that Dr. Comer’s testimony should not have been given any weight because he was not the treating physician. However, Dr. Comer only testified with regard to the medical records of F. Edward Hebert Hospital. Specifically, Dr. Comer testified that according to the records, the purpose of Stella Davis’ admission to Hebert and the treatment she received there was for rehabilitative and physical therapy. The fact that Dr. Comer is employed by Blue Cross does not make his testimony inadmissible; rather, it is the fact finder’s decision as to how much weight will be given to such testimony. Hebert v. Brazzel, 393 So.2d 135 (La.App. 3rd Cir.1980) Because Dr. Comer did not suggest that he was Stella Davis’ treating physician nor did he give an opinion as to Davis’ medical condition, his testimony was properly considered.
The appellants also argue that greater weight should have been given to Stella Davis’ treating physician, Dr. McFarland. Dr. McFarland testified that Mrs. Davis’ admission to Hebert was not primarily for rehabilitative and physical therapy; rather, it was for treatment for several problems including chemical dependence, arthritis and organic brain syndrome. However, the record clearly establishes that Dr. McFarland did not treat Mrs. Davis while she was at Hebert, did not review her records from that hospitalization and did not follow the treatment she received at Hebert. Clearly, the trial judge was within his discretion in giving more weight to the testimony of Dr. Comer than to that of Dr. McFarland in determining that the treatment Mrs. Davis received at Hebert was for rehabilitative and physical therapy.
In addition to the testimony of these two doctors, the trial judge also made an independent determination on the basis of records from Hebert as to the nature of the services rendered to Mrs. Davis. These records include reports of Mrs. Davis’ treating physician at Hebert, Dr. Robert Nelson, which clearly indicate that her six-week stay primarily involved physical therapy and rehabilitation.
Additionally, the record includes Dr. Nelson’s admission report in this case which states as follows:
Mrs. Davis is admitted for ADL evaluation (activities of daily living), gait evaluation and training and the issuance of the appropriate adaptive and assistance devices. She will receive the benefits of physical therapy, occupational therapy, rehabilitation counseling and recreational therapy, during this admission. (Medical records of F. Edward Hebert Hospital, p. 13).
Appellants argue that the Blue Cross policy was ambiguous and should be resolved in favor of Mrs. Davis. A reading of the pertinent sections of this policy does not reveal any ambiguities. Although Blue Cross had waived the language in this policy denying coverage for any pre-existing condition of the policy holder on the effective date of the policy, it did not waive the exclusions for admissions primarily for rehabilitative and/or physical therapy.
Therefore, the trial judge correctly found that Blue Cross’ denial of coverage of Mrs. Davis’ claim was not arbitrary and capricious. For these reasons, the trial court judgment is affirmed.
AFFIRMED.