KLIEBERT, Judge.
Plaintiff, Anita Klemetsen, sued defendant, H & R Block, Inc., in strict liability and negligence for personal injuries sustained when she fell at an office leased and furnished by defendant, following a class on income tax preparation taught by employees of defendant. The trial court dismissed plaintiff’s strict liability claim via a directed verdict and the question of negligence went to the jury. The jury found defendant 60% at fault, plaintiff 40% at fault, and assessed total damages at $111,-300.00. Defendant perfected a suspensive *560 appeal, contesting the jury’s assessment of fault. Quantum is not at issue.
On appeal defendant-appellant alleges three errors. First, plaintiff failed to show there was an unreasonable risk of harm; secondly, the trial court erred in allowing an architect to testify as an expert; and thirdly, the jury erred in finding plaintiff only 40% at fault. We affirm the trial court’s judgment.
FACTS
Plaintiff, who was fifty years of age, worked as a secretary in her husband’s business, Nordic Cabinets, Inc. Intending to do the income tax preparation for the business, she enrolled in a tax course taught by H & R Block in Metairie, Louisiana. The for-profit classes were held in the office of H & R Block and taught by one of its employees.
The tables in the classroom were arranged by defendant in a “U” shape with every student’s back to a wall so that the instructor could face all the students. Each table was 48 inches long, had a 40-inch space between the legs and had two chairs placed in this space. The chairs occupied a space of 37 inches (18.5 inches each). According to plaintiff’s expert architect, the Architectural Graphics Standards (guideline) recommend a minimum of a 24 inch workspace for each chair which is to be used and placed at a work table. Further, in his opinion, the arrangement of the tables and chairs in the room was unsafe.
Plaintiff had attended four or five classes prior to the date of the accident. Following the last class she attended, plaintiff was seated in a chair and was intending to go up to the podium to ask the instructor a question. She attempted to slide the chair backwards but her chair leg caught the chair leg next to her (the student that had been occupying that chair had already left) and it stopped going backwards. She then looked, saw her predicament, rose and tried to slide out to her left. She tripped, fell to the floor, and suffered a broken hip and various bruises.
We first address the alleged error of the trial court’s allowing the testimony of Leslie Norman, an architect hired by plaintiff and offered to the court as an expert in the field of architecture.
Defendant filed a motion in limine seeking to exclude the testimony of Mr. Norman or, alternatively, to exclude testimony concerning alleged fire code violations. Outside the presence of the jury, the court heard arguments on the motion and ruled Norman could testify as an expert in architecture and could not testify as to any alleged violations of any parish ordinance; citing Bechtel v. Entringer Bakeries, Inc., 422 So.2d 1299 (5th Cir.1982). Neither party objected to this ruling.
Plaintiff then called Mr. Norman, elicited his qualifications, and tendered him to defendant as an expert in the field of architecture. Defendant cross-examined Norman on his qualifications, then stated “we will not object to qualifying him in the area of architecture.” The court then accepted Norman as an expert in the field of architecture.
Because defendant specifically waived any objection to the trial court’s acceptance of Norman as an expert in the field of architecture, he cannot now complain that the trial court erred in allowing his testimony. LSA-C.C.P. Article 1635. Central Financial Control v. Davis, 537 So.2d 225 (4th Cir.1988). (But see LaFleur v. John Deere Co., 491 So.2d 624 [La.1986] at p. 632 #4).
Therefore, this alleged error is without merit.
We now turn to defendant’s contentions that plaintiff failed to show there was an unreasonable risk of harm and the jury erred in assessing plaintiff only 40% of the fault.
The function of the appellate court is to determine whether there is evidence before the trier of facts which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, and to determine whether the record establishes that the finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Pernia v. Trail, 519 So.2d 231 (5th Cir.1988), writ denied, 520 So.2d 755 (La.1988). *561 Without manifest error, we cannot change the trial court’s finding of fact. Canter v. Koehring, 283 So.2d 716 (La.1973); Horne v. Liberty Furniture Co., 452 So.2d 204 (5th Cir.1984), writs denied, 456 So.2d 166 (La.1984) and 456 So.2d 171 (La.1984). Moreover, there is no fixed rule for determining what constitutes negligent conduct. It must be determined in each case according to the particular facts and circumstances of the case. Blakes v. Blakes, 517 So.2d 444 (1st Cir.1987); Hammer v. Combre, 503 So.2d 624 (4th Cir.1987).
The record before us supports the jury determination that plaintiff’s injury was caused in part by the placement of the tables and chairs in the room by defendant and in part by plaintiff’s negligence in attempting to squeeze between the stuck chair and the table. The jury could and apparently concluded that insufficient space between the legs of the table and/or failure to arrange the chairs so that only one student would have been placed on either side of the table, contributed to plaintiff’s fall.
Similarly, had plaintiff exercised greater caution in exiting the chair once she was aware of her predicament, she may not have fallen.
Therefore, based on the record before us, we cannot say the jury erred in finding both defendant and plaintiff at fault in causing the accident and assessing that fault at 60% and 40% respectively.
Further, since there was no appeal by plaintiff or timely answer to the defendant’s appeal,[1] we need not consider plaintiff’s request for a reduction in her percentage of negligence.
For the foregoing reasons, the judgment of the trial court is affirmed. Each party is to bear his own costs of this appeal.
AFFIRMED.

. Under LSA-C.C.P. Article 2133, the answer must be filed "within fifteen days after the return day of the lodging of the record, whichever is later.”