592 So.2d 510 (1991)
Betsy KEITH, Individually, Brian T. Wise, a minor by his mother and natural tutrix, Betsy Keith
v.
Alyson M. GALLIOTO and Insurance Company of North America.
No. 91-CA-492.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1991.
*511 Kristi A. Post, New Orleans, for plaintiffs/appellants.
George L. LaMarca, New Orleans, for defendants/appellees.
Before GAUDIN, DUFRESNE, and CANNELLA, JJ.
CANNELLA, Judge.
In a civil trial, the jury charges and interrogatories on the jury verdict were silent concerning the proportionate share of fault of non-party tortfeasors. Appellant did not object to the charges or jury verdict. The jury found in favor of appellee. We affirm.
This case arises out of an automobile accident on November 20, 1985 in St. Charles Parish on the River Road. A four year old, Brian Wise, was walking on the levee with two adults, Keith Mancuso and Cynthia Mancuso. The trio was descending the levee, towards the River Road, to cross it. Appellee, Alyson M. Gallioto, was driving eastward along River Road. It was shortly after 6:00 p.m. and it was beginning to get dark. Appellee had her headlights on and was traveling between 30-35 mph. The speed limit was 40 mph. As she approached the trio, she saw them standing in a line, parallel to the street, with the child between the two adults. The adults were looking towards her. As she drove nearer, the child, who was not being held by the adults, darted out into the street into the path of her vehicle. Appellee struck the child.
Appellant, Betsy Keith, the mother of the injured child, brought suit against appellee and Insurance Company of North America, her auto liability insurer, alleging that the appellee was negligent in the operation of her vehicle. Keith and Cynthia Mancuso were not sued by either appellant or appellee.
At trial, the appellee attempted to show that she was not negligent and that the adults accompanying the child were solely responsible for the accident because they failed to properly supervise and restrain the child near a roadway.
Prior to trial, by a Motion in Limine, appellant objected to the introduction of any evidence of the negligence of those not *512 a party to the suit. The trial court denied the Motion. Appellant and appellee agreed to submit to the jury interrogatories in the jury verdict form regarding the percentage of fault of these non-sued persons. However, prior to closing argument, the trial judge told counsel he would not submit it. He submitted an interrogatory, Number 1, that asked the jury "Did you find that Allyson Gallioto Rousell was negligent?" Appellant did not object to the charges or jury verdict form during the course of trial.
The jury returned a verdict in favor of appellees by answering "no" to interrogatory Number 1. Appellant appeals.
Appellant assigns as error the trial judge's failure to give the jury charges and interrogatories on the jury verdict concerning the proportionate share of fault of the non-party tortfeasors. Appellee contends that appellant has waived her right to raise these issues on appeal by her failure to properly object at trial.
La.C.C.P. art. 1793 provides in pertinent part:
C. A party may not assign as error the giving or the failure to give an instruction unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires, stating specifically the matter to which he objects and the grounds of his objection. If he objects prior to the time the jury retires, he shall be given an opportunity to make the objection out of the hearing of the jury.
It is well settled that a party cannot claim improper jury charges as error where he fails to timely object to the charges. Streeter v. Sears, Roebuck and Co., Inc., 533 So.2d 54 (La.App. 3rd Cir.1988); Levet v. Calais, 514 So.2d 153 (La.App. 5th Cir. 1987); Lilly v. Conoco, Inc., 463 So.2d 28 (La.App. 5th Cir.1985), writs denied, 464 So.2d 1382 (La.1985).
The same rule applies to jury interrogatories. Streeter v. Sears, supra; Levet v. Calais, supra; St. Pierre v. General Am, 360 So.2d 595 (La.App. 4th Cir.1978).
The record in this case is void of any objection to the charges or jury verdict form during trial. Appellant argues that these objections were covered in her argument on her Motion in Limine. However, we are not persuaded by that argument.
Appellant's Motion in Limine pertained to the general subject matter, evidence of negligence of a non-party, but had nothing to do with either the jury verdict or charges. Appellant argued that none of the evidence concerning non-party negligence should be admissible. The court denied her objection and admitted the evidence. Later, during trial, but in the absence of the jury, the trial judge stated, "It is the intention of the Court not to instruct the jury or give the jury any opportunity to assess any comparative negligence of the adults, who are not party defendants in this particular lawsuit." At that point, appellant did not object to the charges or jury verdict, nor did she object anytime thereafter, nor before the jury returned an unfavorable verdict. Accordingly, appellant's failure to timely object constitutes waiver of that issue on appeal.[1]
This court considered all evidence on negligence presented at trial. We feel constrained to point out that, even if appellant had not waived her right to appellate review of the charges and jury verdict issues, the result would be the same herein. The jury was asked "Did you find that Allyson Gallioto Rousell was negligent?" They answered "No". After reviewing the record we find no error in that regard. To the contrary, the record is replete with evidence that appellee acted in a reasonable and prudent manner. She was familiar with the road and general area. She was traveling below the speed limit. She had her lights on. She saw the child. She saw the adults accompanying the child. They were looking at her and waiting for her to pass. The child, suddenly and without warning, darted in front of the oncoming *513 automobile and appellee did not have the opportunity to stop before the collision.
From the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] It should be noted that La.C.C.P. art. 1812 requires the court to submit to the jury, unless waived by all parties, written questions concerning the fault and percentage thereof of all alleged tortfeasors. Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984).